January 11, 1909.

————o————

No. 4600.

Court of Appeal, Parish of Orleans.

## VACANT ESTATE OF JACOB FREDERICK MAYER.

1. There is a vast difference between the subsequent ratification of a bad title acquired at a judicial sale, and the subsequent administration of proof to establish the validity of the title at time of sale.
2. In the one case, not being bound by an imperfect contract, a ratification can not be forced on the adjudicatee against his will.
3. In the other case, being bound by a perfect contract, the adjudicatee cannot object to evidence which tends to establish the validity at the time of making the contract, of the contract itself.

Appeal from Civil District Court, Division "C."

E. T. Florance, Attorney for Vacant Estate and Appellee.

Jos. Lautenschlager, Attorney for Appellant.

MOORE, J. When this cause was previously before us on appeal we remanded it for the purpose of allowing the parties to make full proof, *pro et con*, as to whether the absentee had been heard from for the space of ten years and whether he has, or had, known heirs residing in this State.

(Vacant Est. of Jacob F. Meyer No. 4499, decided June 15, 1908.)

On retrial below the rule for compliance with adjudication was again made absolute and again, the Quaker Realty Company, Limited, the adjudicatee, appeals.

It is not disputed that the evidence conclusively establishes the fact that the absentee has not been heard from for more than ten years—indeed it is shown that he had not been heard from for many years beyond that period—nor is it questioned that it is equally clear that the absentee has not, and never had any known heirs residing in this State, but it is contended by the appellant that the proof of these facts should have been made at the time when the property was tendered to the adjudicatee, forasmuch as to do so now would be to force on him the acceptance of a title the defects of which are cured only by proceedings subsequent to the adjudication.

In support of this contention appellant refers us to the recent case of Succession of Gaines 121 La. (Sou Rep. Vol. No. 5 p. 217).

This authority but affirms the doctrine, repeatedly announced, that a ratification binds the party who ratifies, but not the other party to the contract, who not being bound by an imperfect contract, cannot become so *nolens volens,* and follows the well settled rule that, if the title conveyed by a judicial sale be bad, the adjudicatee cannot be forced to accept a subsequent ratification or confirmation by the other party curing the defects.

There is no place for the application of this rule in the instant cause.

There is a vast difference between the subsequent ratification of a bad title and the subsequent administration of proof showing the validity of the title at the time of the judicial sale.

The judicial sale in the instant cause conveyed, at the time, a valid title, for the evidence shows that then, and also when the order of sale had been obtained, the absentee had not been heard from for more than ten years and that he had no known heirs residing within the State. It is not pretended that proof of these facts was not submitted to the Court when the order of sale was obtained. If proof of the existence of the facts necessary to establish the validity of the title at the time was admin-

—107—

istered subsequent to the adjudication, as it was, it was so administered not to cure any pre-existing defects, or to ratify or to conform an otherwise defective title, but to affirm, by proof, pre-existing facts which establish the validity of the title conveyed.

The judgment is affirmed.

January 11, 1909.

Rehearing refused January 25, 1909.